# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**MLR INVESTMENT GROUP, LLC and GILBERTO MARTINEZ,**

    Plaintiffs,

v.

**PATE INSURANCE AGENCY, INC.**,

    Defendant.

Civil Action No. 7:12-CV-118 (HL)

## ORDER

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. 34). For the reasons discussed herein, the motion is granted.

## I.  FACTS

Plaintiff MLR Investment Group, LLC ("MLR") owns certain real property located at 2763 Howell Road, Valdosta, Georgia. Plaintiff Gilberto Martinez ("Martinez") is the sole member in MLR. State Farm Fire and Casualty Company insured the Howell Road property with a homeowners policy of insurance designated as policy number 81-BPZ904-3, with an effective date of September 11, 2009. Martinez was the named insured. Defendant is the insurance agency which sold the policy to Martinez.

The policy provided coverage for "the dwelling principally used as a private residence on the residence premises shown in the Declarations." The "residence

premises" is defined as "the one, two, three or four-family dwelling, other structures and grounds; or that part of any other building; where you reside and which is shown in the Declarations." In other words, the policy would only cover the Howell Road property if Martinez or his wife resided at the property at the time of a covered loss.

In January of 2010, Plaintiffs rented out the property. Plaintiffs did not inform State Farm or Defendant of the change in the use of the property until immediately before the policy was due for renewal. On September 10, 2010, Martinez spoke with Ludie Porter, an employee of Defendant, and told her that he was now renting the property out and would need to change the insurance policy to cover the property as a rental property. Martinez specifically asked Porter to provide a DP-3 policy, which is a policy Martinez was familiar with from his rental properties in Florida. Porter advised Martinez that State Farm did not sell DP-3 policies, and offered him two choices: he could move his business to a different insurance company that did sell DP-3 policies or he could increase his deductible with State Farm and his rental property would be covered. Martinez decided to stay with State Farm.

State Farm renewed the policy on September 11, 2010. Instead of issuing a rental policy, State Farm again issued a homeowners policy. The renewal policy had the same policy number, the same coverages, the same terms and conditions, and the same limits of liability. The deductible was increased from

$1,000 to $5,000, which resulted in a decreased premium. Because the terms and conditions of the policy did not change, State Farm did not send a new policy to Martinez.

In November of 2010, it was discovered that the Howell Road property was being used as a marijuana grow house. Believing that the terms and conditions of the insurance policy had been changed so that the Howell Road property was covered as a rental property, Plaintiffs submitted a claim to State Farm for damage to the structure and loss of personal property. But the terms and conditions of the policy had not changed, and State Farm denied the claim because neither Martinez nor his wife resided at the Howell Road property at the time of the loss.[1] After receiving the denial of coverage letter, Plaintiffs did not sue State Farm, but rather filed suit against Defendant for negligently failing to procure the appropriate insurance. Defendant now moves for summary judgment on Plaintiffs' negligence claim.

## II.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court

---

[1] The claim was also denied because Plaintiffs did not file suit against State Farm within one year of the date of the alleged loss. State Farm reserved its rights concerning whether the damage to the property was intentional.

of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).

### III.   ANALYSIS

In Georgia,

> [t]o state a cause of action for negligence . . . there must be (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

Hayes v. Lakeside Vill. Owners Ass'n, Inc., 282 Ga. App. 866, 870, 640 S.E.2d 373, 377 (2006). Defendant argues that as a captive agent of State Farm, it did not owe any duty to Plaintiffs, and therefore cannot be held liable for any alleged negligence.

"[I]ndependent agents or brokers are generally considered the agent of the insured, not the insurer." Pope v. Mercury Indem. Co. of Ga., 297 Ga. App. 535, 540, 677 S.E.2d 693, 698 (2009). That agency relationship gives rise to various fiduciary duties, including a duty to procure the insurance coverage requested by the principal. Johnson v. Pennington Ins. Agency, Inc., 148 Ga. App. 147, 147, 251 S.E.2d 116, 117 (1978). However, there is no evidence in this case of an agency relationship between Plaintiffs and Defendant. Defendant is not an independent insurance agent or broker, but instead is a captive agent of State Farm. It is undisputed that Defendant is prohibited from selling insurance policies for companies other than State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and other State Farm Companies. This makes Defendant State Farm's agent, not Plaintiffs' agent. *See* Nat'l Indem. Co. v. Berry, 136 Ga. App. 545, 548, 221 S.E.2d 624, 627 (1975); *contra* Beavers Ins. Agency, Inc. v. Roland, 135 Ga. App. 263, 263, 217 S.E.2d 484, 484 (1975) (finding issues of fact where there was an allegation of an agency relationship between the plaintiff and defendant, as well as evidence in the record from which a jury could believe that defendant was an independent insurance agency which

placed insurance business with several companies). The fact that State Farm's agents are agents of the company, and not of the insured, was acknowledged by the Court of Appeals in Kersey v. State Farm General Insurance Co., 148 Ga. App. 763, 764, 252 S.E.2d 670, 672 (1979) ("It has long been recognized that by contract State Farm's agents are agents of the company only.") Because Defendant was State Farm's agent, it owed a duty only to State Farm. As Defendant did not owe Plaintiffs any duty, Plaintiffs cannot establish a cause of action for negligence under Georgia law against Defendant.

The Court further notes that "'[a]bsent actionable fraud and deceit, . . . it appears settled that there is no liability in tort for failure of the defendant insurance agent or broker to procure or have renewed a policy of insurance where the defendant is the insurance company's agent and not the plaintiff's agent.'" Thompson v. Pate, 193 Ga. App. 418, 418, 388 S.E.2d 30, 31 (1989) (quoting Sutker v. Penn. Ins. Co., 115 Ga. App. 648, 653, 155 S.E.2d 694, 689 (1967)). As Defendant was State Farm's agent, unless actual fraud or deceit has been shown, Plaintiffs' negligence claim must fail. *See* Thompson, 193 Ga. App. at 418. Plaintiffs have not alleged any actionable fraud or deceit, and the Court does not find support in the record for either claim.[2] Therefore, Plaintiffs cannot assert a negligence claim for failure to procure the appropriate coverage.

---

[2] Even if Defendant told Martinez that the Howell Road property would be fully covered as a rental property after the renewal of the policy, such representation "can amount to no more than an opinion as to coverage or a legal opinion as to the effect of the

6

Even assuming, however, that Defendant was acting as Plaintiffs' agent rather than State Farm's agent, Plaintiffs' negligence claim still could not survive summary judgment. For the sake of completeness, the Court will explain why.

The general rule in Georgia is that an insurance agent who negligently fails to procure insurance may be held liable for any resulting loss. Robinson v. J. Smith Lanier & Co. of Carrollton, 220 Ga. App. 737, 738, 470 S.E.2d. 272, 273 (1996); Atlanta Women's Club, Inc. v. Washburne, 207 Ga. App. 3, 4, 427 S.E.2d 18, 20 (1992). However, an insured generally has an obligation "to read and examine an insurance policy to determine whether the coverage desired has been furnished." MacIntyre & Edwards, Inc. v. Rich, 267 Ga. App. 78, 79-80, 599 S.E.2d 15, 17 (2004). There are two exceptions to the obligation to read and examine: (1) where the agent has held himself out as an expert and the insured has reasonably relied on his expertise in identifying and acquiring the correct type and amount of insurance; or (2) a special relationship of trust exists such that would have prevented or excused the insured from a duty to exercise ordinary diligence. Heard v. Sexton, 243 Ga. App. 462, 463, 532 S.E.2d 156, 158 (2000).

It is undisputed that Plaintiffs did not read the renewal policy prior to the loss. Plaintiffs argue, however, that they were relieved from their obligation to read and examine the policy because Defendant held itself out as an expert in

---

contract, which does not give rise to actionable fraud." Parris & Son, Inc. v. Campbell, 128 Ga. App. 165, 169, 196 S.E.2d 334, 337 (1973) (listing cases).

the field of insurance and Martinez relied upon that expertise in acquiring the correct type of insurance.[3] Assuming without finding that Defendant held itself out as an expert,[4] the Court finds that Plaintiffs have not satisfied the second part of the expert exception test. While Plaintiffs claim that Martinez relied on Defendant to identify the proper coverage, Martinez knew the type of coverage he wanted before talking with the agent. In fact, he even knew the specific policy he wanted - a DP-3 policy. The evidence belies Plaintiffs' contention that Martinez relied upon Defendant in acquiring the correct type of insurance and bars any recovery. See Canales, 261 Ga. App. at 531 ("According to Canales's affidavit, he knew

---

[3] While Plaintiffs mention the special relationship of trust exception in their response brief, they make no argument on that point, and have produced no evidence to establish that Martinez enjoyed a confidential relationship with Defendant. A confidential relationship exists "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith." O.C.G.A. § 23-2-58; Canales v. Wilson Southland Ins. Agency, 261 Ga. App. 529, 531, 583 S.E.2d 203, 205 (2003). The party asserting the existence of a confidential relationship has the burden of establishing its existence, Canales, 261 Ga. App. at 531, 583 S.E.2d at 205; Yarbrough v. Kirkland, 249 Ga. App. 523, 527, 548 S.E.2d 670, 673 (2001), but Plaintiffs have not done so. Thus, the Court will address only the expert exception.

[4] A ruling on the issue is not necessary, but the Court is doubtful of Plaintiffs' contention that Defendant held itself out to be an expert. Martinez states that he subjectively believed Defendant held itself out to be any expert in the field of insurance. This belief was apparently based on the company's website and its credentials listed on the website. But there is no evidence in the record as to the content of Defendant's website or what its listed credentials were at the time Martinez selected it in 2009. While Plaintiffs argue in their response that someone in Martinez's position could go to Defendant's website or LinkedIn page or Yelp listing and get the impression that Defendant had a level of expertise in the insurance business, all of the internet listings cited are from 2013, not 2009 when Martinez was making his decision. Further, the language cited from Defendant's Yelp listing is nothing more than a general advertisement for an insurance agency.

what kind of insurance policy he wanted for the van before he approached Wilson. Thus, he did not rely on Wilson's expertise to identify and procure the correct type of insurance for him."); Hunt v. Greenway Ins. Agency, 213 Ga. App. 14, 14, 443 S.E.2d 661, 662 (1994) ("[T]he prospective insured here admitted to informing the agent of the type of insurance desired. There is no evidence that the agent had any discretion in the type of insurance procured or that the proposed insured relied on the agent to decide what type of insurance was needed."); Greene v. Lilburn Ins. Agency, Inc., 191 Ga. App. 829, 829, 383 S.E.2d 194, 195 (1989) ("In his deposition, appellant states that he specifically requested theft coverage. Therefore, '[t]here is no evidence that appellee[s] had any discretion in the type . . . of insurance.'") (citation omitted).

In any event, even if the Court assumes that Defendant exercised discretion as to the type or amount of coverage, the exception to the expert exception would still preclude any recovery by Plaintiffs. The expert exception does not apply if an examination of the policy would have made it readily apparent that the coverage requested was not issued. Heard, 243 Ga. App. at 463; Greene, 191 Ga. App. at 829. Plaintiffs admit in their response to Defendant's statement of material facts that an examination of the renewal policy would have made it readily apparent that there would be no first party coverage for the dwelling or contents if neither Martinez nor his wife resided in the Howell Road property. Nevertheless, Plaintiffs contend they were excused from their

9

duty to examine the policy because they did not receive a copy of it. It is undisputed that State Farm did not send a copy of the policy to Martinez after the renewal; however "plaintiff's failure to receive a copy of the insurance policy is not alone sufficient to discharge him." Brasington v. King, 167 Ga. App. 536, 537, 307 S.E.2d 16, 19 (1983). Plaintiffs were "chargeable with knowledge of [the policy's] contents regardless of who had possession of it." Brown v. Mack Trucks, 111 Ga. App. 164, 166, 141 S.E.2d 208, 210 (1965). Like the plaintiff in Brasington, Plaintiffs have "present[ed] no reason why plaintiff could not or need not have examined the policy issued." 167 Ga. App. at 537. The Court finds that Plaintiffs were charged with knowledge of the terms of the policy and are barred from recovery.

## III.   CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 34) is granted. The Clerk of Court is directed to enter final judgment in Defendant's favor and close this case.

**SO ORDERED**, this the 10th day of October, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh